**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JESS DAVIES,
                    Appellant,

          v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DE-1221-16-0176-C-1

DATE: August 1, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jess Davies</u>, Helena, Montana, pro se.

<u>Thomas J. Ingram, IV</u>, Esquire, Omaha, Nebraska, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision, which dismissed his petition for enforcement as withdrawn. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     During the time period most relevant to this appeal, the appellant was employed by the U.S. Army Corps of Engineers as a Natural Resources Specialist. *Davies v. Department of the Army*, MSPB Docket No. DE-1221-16-0176-W-1, Initial Appeal File (IAF), Tab 9 at 26. On January 27, 2016, he filed an individual right of action (IRA) appeal asserting that the agency retaliated against him for disclosures he made, IAF, Tab 1 at 3, 15, and on March 21, 2016, the parties entered into a settlement agreement, wherein they agreed, in part, that the appellant would withdraw the IRA appeal, IAF, Tab 32 at 4. After entering the settlement agreement into the record for enforcement purposes, the administrative judge dismissed the appeal as settled. IAF, Tab 33, Initial Decision (ID). The March 24, 2016 initial decision dismissing the IRA appeal as settled became final on April 28, 2016, when neither party filed a petition for review. ID at 3.

¶3     Approximately 2 months after the issuance of the IRA initial decision, on May 23, 2016, the appellant filed a pleading which the administrative judge docketed as a petition for enforcement. *Davies v. Department of the Army*, MSPB Docket No. DE-1221-16-0176-C-1, Compliance File (C-1 CF), Tabs 1, 2.[2] In the petition for enforcement, the appellant asserted that the agency violated the settlement agreement when it failed to provide "leave time" or a "lump sum" payment—terms upon which the appellant states the parties had previously agreed. C-1 CF, Tab 1 at 4. In response, the agency indicated that, although the appellant's leave restoration was not processed immediately upon execution of the agreement, it had since been processed "with the highest priority" and that the appellant's lump sum payment had been disbursed on May 18, 2016. C-1 CF, Tab 3 at 5. The appellant appears to have been satisfied with the agency's compliance

---

[2] The appellant identified his submission as a motion for compensatory damages, but in it he sought enforcement of the settlement agreement rather than compensatory damages. C-1 CF, Tab 1.

with the terms of the settlement agreement challenged in his petition for enforcement, and he agreed to withdraw the petition. C-1 CF, Tab 5. As such, on June 13, 2016, the administrative judge dismissed the petition for enforcement as withdrawn. C-1 CF, Tab 6, Compliance Initial Decision (CID). In the compliance initial decision dismissing the petition for enforcement, the administrative judge informed the appellant that the decision would become final on July 18, 2016, unless a petition for review was filed by that date. CID at 2.

¶4      The appellant did not file a petition for review of the compliance initial decision before July 18, 2016; however, 3 months later, on October 21, 2016, the appellant filed the instant petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. In his petition for review, the appellant was informed by the e-Appeal Online system that his petition appeared to be untimely filed, and he was provided with notice of how to establish good cause for an untimely filing. *Id*. at 3. Additionally, the Clerk of the Board also informed the appellant in a subsequent acknowledgment letter that his petition for review appeared to be untimely filed and provided him with a form for filing a motion to accept his filing as timely or to waive the time limit. PFR File, Tab 2 at 1-2, 7-8. In response to the e-Appeal Online-generated timeliness language in his petition for review, the appellant asserts that he had become aware on the same day that he filed the petition for review that management at his new employing agency, the Environmental Protection Agency (EPA), had been contacted by a manager from the U.S. Army Corps of Engineers with a "complaint" about him. PFR File, Tab 1 at 5. He asserts on review that this contact "may violate the [parties' settlement] agreement." *Id*. The agency responded to the appellant's petition for review, arguing that the appellant "completely failed to address the issue of why the Board should find good cause" for his untimely filing. PFR File, Tab 3 at 4.

¶5      On April 10, 2017, the appellant filed a request to withdraw his petition for review, stating that he understood that the Board would dismiss the petition with

prejudice to refiling. PFR File, Tab 5 at 4. Less than an hour later, however, the appellant filed another request for enforcement of the settlement agreement. PFR File, Tab 6. In the request for enforcement, the appellant indicates that, on March 20, 2017, the EPA took an "action" against him, citing in part, the U.S. Army Corps of Engineers' alleged complaint against him in October of 2016.[3] *Id.* at 3. He again asserts that the agency's alleged complaint against him to the EPA violated the settlement agreement. *Id.*

¶6      While those pleadings were pending before the Board, on March 14, 2018, the appellant filed another petition for enforcement with the Denver Field Office. *Davies v. Department of the Army*, MSPB Docket No. DE-1221-16-0176-C-2, Compliance File (C-2 CF), Tab 1.[4] In that petition for enforcement, the appellant requested that "this case be reopened" because the agency "violated the settlement agreement." *Id.* at 3. He asserted that he was terminated by the EPA after an employee of the U.S. Army Corps of Engineers made a complaint against him. *Id.* In a second compliance initial decision, the administrative judge dismissed the petition for enforcement "on the grounds of adjudicatory

_____

[3] Between April 10, 2017, and September 8, 2017, the appellant filed multiple appeals with the Board against the EPA regarding a March 20, 2017 probationary termination from that agency. Those appeals include two IRA appeals, two Veterans Employment Opportunity Act of 1998 appeals, and two Uniformed Services Employment and Reemployment Rights Act of 1994 appeals. *See Davies v. Environmental Protection Agency*, MSPB Docket Nos. CH-1221-17-0301-W-1; CH-4324-17-0302-I-1; CH-3330-17-0516-I-1; CH-1221-17-0568-W-1; and CH-4324-18-0053-I-1. Those appeals were dismissed based on varying reasons, including dismissals based on lack of jurisdiction, untimeliness, and the doctrine of collateral estoppel. No petitions for review of the initial decisions in those matters were filed, and all of the initial decisions are now the final decisions of the Board.

[4] It appears that the appellant initially filed this petition for enforcement action under MSPB Docket No. DE-1221-16-0176-C-1 on February 16, 2018, but he entitled that filing "Pleading to Re-Open Case." C-2 CF, Tab 6, Compliance Initial Decision at 3. The Clerk of the Board forwarded the February 16, 2018 pleading to the Denver Field Office, and the administrative judge interpreted the action as a request to docket it as a petition for enforcement. *Id.* Thus, on March 15, 2018, the second petition for enforcement was acknowledged as MSPB Docket No. DE-1221-16-0176-C-2. *Id.*; C-2 CF, Tab 2.

efficiency." C-2 CF, Tab 6, Compliance Initial Decision at 1. Specifically, he discussed the appellant's pending petition for review in the instant matter and found it "clear that the appellant's C-2 petition for enforcement [] is raising the same issues as the appellant's earlier-filed petition for review [] that is currently pending before the Board." *Id*. at 3-4. Thus, he concluded that "adjudicatory efficiency warrants [the] dismissal of this C-2." *Id*. at 4. The second compliance initial decision dismissing the appellant's second petition for enforcement became final on May 14, 2018, when neither party filed a petition for review of that decision. *Id*. at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's petition for review of the first compliance initial decision is untimely filed without good cause shown.</u>

¶7        The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Dean v. U.S. Postal Service*, 101 M.S.P.R. 356, ¶ 7 (2006). Here, the initial decision was issued on June 13, 2016. CID at 1. Thus, as the administrative judge correctly informed the appellant, he was required to file any petition for review no later than July 18, 2016. CID at 2. The appellant's petition for review of the compliance initial decision was filed on October 21, 2016. PFR File, Tab 1. Thus, it is untimely filed by 95 days.

¶8        The Board may waive its timeliness regulations based upon a determination that good cause has been shown for doing so. *See* 5 C.F.R. §§ 1201.12, 1201.114(g). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that

affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9      Here, although the appellant appears to have been proceeding pro se at the time he filed the petition for review,[5] the Board has considered a 3-month delay to be a lengthy one. *See Jackson v. Office of Personnel Management*, 55 M.S.P.R. 105, 108 (1992), *aff'd*, 991 F.2d 809 (Fed. Cir. 1993) (Table). Further, the appellant made no attempt to explain his delay in filing the petition for review of the compliance initial decision or to demonstrate good cause for his untimely filing; rather, he raised a new allegation of noncompliance, separate and apart from the allegation of noncompliance that he made before the administrative judge. PFR File, Tab 1 at 3-4. Although he appears to claim that his petition for review is untimely because the events that lead to the alleged breach of the settlement agreement did not occur until after the filing deadline had passed, the Board has held that an appellant's assertions regarding an agency's alleged breach of a settlement agreement do not provide good cause for an appellant's untimely filing. *See Dean*, 101 M.S.P.R. 356, ¶ 10. Based on the forgoing, we find that the appellant has failed to establish good cause, and we dismiss his petition for review on that basis. *See, e.g.*, *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 7 (2010) (dismissing a petition for review as untimely filed with no good cause shown for the delay in filing).

The appellant's new claim of noncompliance is forwarded to the Denver Field Office for adjudication.

¶10      Nonetheless, because the appellant's petition for review of the compliance initial decision raises a new allegation of noncompliance different than the one he raised below, we construe the appellant's claims as, effectively, a new request for

---

[5] It is unclear from the record whether the appellant has since designated a representative to assist him in this matter. PFR File, Tabs 7, 9.

enforcement.  PFR File, Tabs 1, 6, 8.  When issues are raised concerning the interpretation of a settlement agreement that is enforceable by the Board and whether a party has breached the agreement, such claims are properly addressed in the first instance by the administrative judge via a petition for enforcement. *See Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 8 (2010); 5 C.F.R. § 1201.182(a).  Accordingly, we forward these new allegations of noncompliance to the Denver Field Office for docketing as a third compliance case.[6]  Because the Board has held that a petition for enforcement alleging a breach of a settlement argument must be filed within a reasonable time after the petitioner becomes aware of the breach, *see Eagleheart v. U.S. Postal Service*, 113 M.S.P.R. 89, ¶ 12 (2009), and the appellant claims that he informed the Board of the alleged breach on the day he learned of the circumstances surrounding the alleged breach, PFR File, Tab 1 at 3, the administrative judge should treat the newly docketed petition for enforcement as a timely filing, with an effective filing date of October 21, 2016, *id.*

¶11      Accordingly, we dismiss the appellant's petition for review of the compliance initial decision as untimely filed without good cause shown, and we forward the appellant's new claim of noncompliance to the Denver Field Office for docketing and adjudication consistent with this Order.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's first petition for enforcement.

---

[6] Although the appellant's claims in his second compliance case in *Davies v. Department of the Army*, MSPB Docket No. DE-1221-16-0176-C-2, appear to make the same or substantially similar assertions regarding noncompliance as the ones made here, we decline to reopen that matter and, instead, direct the docketing of a new enforcement matter to consider the appellant's claims for the sake of greater processing clarity.

# NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.